Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-09-00118-CV

Timothy James **HOUTCHENS**, Jr.,
Appellant

v.

Darla Michelle **CRAWFORD**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18297
Honorable Michael Peden, Judge Presiding[1]

Opinion by:     Sandee Bryan Marion, Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice

Delivered and Filed: January 6, 2010

AFFIRMED

In this appeal from the trial court's Final Decree of Divorce, appellant asserts the trial court

abused its discretion in determining his appeal was frivolous.  We affirm.

---

[1] The Honorable Michael Peden, presiding judge of the 285th Judicial District Court, signed the judgment at issue in this appeal.  The Honorable Karen Pozza is the presiding judge of the 407th Judicial District Court.

**BACKGROUND**

On December 7, 2007, appellee filed an Original Petition for Divorce, which was assigned to the 288th Judicial District Court of Bexar County, Texas ("the 288th"). Approximately one hour later, appellee filed an Original Petition to Terminate Parent-Child Relationship, which was assigned to the 407th Judicial District Court of Bexar County, Texas ("the 407th"). On December 8, 2008, the termination proceedings, although assigned to the 407th, commenced before the 288th. Appellant, who is incarcerated but attended the proceeding via telephone conference, inquired about his understanding that the same court should hear both the termination proceeding and the divorce proceeding. When appellee's attorney stated she was prepared to go forward with both proceedings, appellant asked for an additional sixty-eight days for the purpose of corresponding and visiting with appellee. The trial court denied the request and proceeded to hear both the petition to terminate the parent-child relationship and the petition for divorce. After first hearing evidence in the termination proceeding, the trial court terminated appellant's parental rights. The "407th Judicial District" appears in the caption of the termination order. The court then heard evidence in the divorce proceeding and, on December 15, 2008, the trial court signed the divorce decree. The "288th Judicial District" appears in the caption of the divorce decree. Four days later, appellant filed his notice of appeal in the divorce case and, about one month later, he filed a Declaration of Inability to Pay Costs. Approximately five months after signing the divorce decree, the trial court entered its findings of fact and conclusions of law in which the court found appellant's appeal in the divorce case to be frivolous.

## DISCUSSION

On appeal, appellant asserts the trial court erred in finding his appeal to be frivolous because the 407th lacked subject-matter jurisdiction over the divorce proceeding. Appellant alleges the 407th improperly transferred the divorce proceeding from the 288th to the 407th. The premise of appellant's argument is that the 288th Judicial District Court should have heard the termination proceeding as well as the divorce proceeding pending before it. Although the record in this appeal does not contain a motion to transfer,[2] an order on any motion to transfer, or an order consolidating the two proceedings, both proceedings were, in fact, heard in the 288th. The "288th Judicial District" appears in the caption of the Final Divorce Decree. However, the "407th Judicial District" appears in the caption of the Order of Termination, and it is this caption that may be the source of some confusion on appellant's part.

"[T]he District Judges may exchange districts, or hold courts for each other when they may deem it expedient and shall do so when required by law." TEX. CONST. art. V, § 11. The Texas Government Code expressly grants the Bexar County district courts concurrent jurisdiction. *See* TEX. GOV'T CODE ANN. § 24.139(c) (Vernon 2004). A district court judge may hear and determine a matter pending in any district court in the county and may sign a judgment or order in any of the courts regardless of whether the case is transferred. *Id.* § 74.094(a) (Vernon 2005). These provisions also form the basis of the Bexar County local rules that provide for a centralized, rotating

---

[2] Appellant filed a motion to transfer in the termination proceeding cause number. The termination of appellant's parental rights is the subject of another appeal pending before this court. The clerk's record in that appeal contains the motion to transfer.

docket system for non-jury civil matters. *See* Local Rule 3.A. Here, the reporter's record from the hearing indicates both the divorce and termination proceeding took place before same judge, sitting in the 288th, who signed both the Order of Termination and the Final Divorce Decree.[3]

## CONCLUSION

We conclude that because the 288th had jurisdiction to hear both proceedings and did, in fact, hear both proceedings, appellant's arguments on appeal are without merit. Therefore, we overrule appellant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

---

[3] Also, after the trial court informed appellant it would grant the Petition to Terminate Parent-Child Relationship, the court asked appellant if there was anything else he wanted to tell the court. Appellant responded, "Might as well do the divorce now, too, and we're done."